# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANTHONY B. WASHINGTON,           )
                                 )
                Plaintiff,       )
                                 )
v.                               )          No. CIV 14-481-RAW-SPS
                                 )
DR. JAMES HOWARD,                )
in his individual capacity,      )
                                 )
                Defendant.       )

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss Plaintiff's complaint or for summary judgment. The court has before it for consideration Plaintiff's complaint (Dkt. 1), the defendant's motion (Dkt. 25), and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 26). Plaintiff has not filed a response to the defendant's motion.

Plaintiff, an inmate in the custody of the DOC who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged Eighth Amendment violations during his incarceration at Oklahoma State Penitentiary in McAlester, Oklahoma. The defendant is Dr. James Howard, a physician who treated Plaintiff through the DOC's psychiatric services.

Plaintiff alleges Dr. Howard prescribed him the medication Prolixin. Plaintiff claims this medication caused him to have delusions of having to make a sacrifice and to make numerous attempts to harm himself. Plaintiff alleges he has many scars over his body, and while under the defendant's care, he removed his testicles because of the delusions. He asserts he asked to stop the medication on several occasions, but it was not discontinued until June 2013.

While subsequently housed at a mental health unit at Joseph Harp Correctional Center in Lexington, Oklahoma, Plaintiff learned from other inmates that Dr. Howard also had

prescribed the medication for them. Many of the inmates who took Prolixin had delusions and hallucinations and attempted to harm themselves.

Plaintiff contends that mental health concerns are serious medical needs, and an individual who suffers from mental illness may not always know how to communicate effectively with his mental health professionals. Plaintiff's repeated attempts to harm himself, however, should have alerted the professionals of the side effects he was experiencing. Plaintiff asserts that Dr. Howard knew of his serious medical need but attempted to treat him by medication based on a misdiagnosis. Dr. Howard allegedly did not act reasonably in response to Plaintiff's repeated attempts to harm himself, when Plaintiff's actions were so obvious that a lay person would have recognized the seriousness of his condition.

The defendant alleges, among other things, that Plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days

of the incident. (Dkt. 26-6 at 82-83).[1] If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. *Id*. at 83. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. *Id*. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. *Id*. at 83-84. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. *Id*. at 85-89. The administrative process is exhausted only after all of these steps have been taken.

An inmate may submit a grievance of a sensitive or emergency nature directly to the ARA (or, if medical in nature, the MSA), if the complaint is of a sensitive nature or there is a substantial risk of personal injury or other irreparable harm. *Id*. at 90.

The defendant alleges that prior to filing this lawsuit, Plaintiff did not file a single Request to Staff, grievance, or appeal to OSP staff, the DOC Administrative Authority or the DOC MSA concerning any of the claims in his complaint. On December 18, 2013, Plaintiff requested that Dr. Odunkwe write a letter describing Plaintiff's behavioral history while receiving Prolixin injections and after the medication was discontinued. Plaintiff requested the letter for his legal work against the marketing company that made the medication. (Dkt. 26-2 at 126-27). Dr. Odunkwe responded that the mental health staff was not permitted to get involved in an inmate's legal work, pursuant to DOC policy. *Id*. at 126. To the extent this RTS can be construed to relate to Plaintiff's claims against Dr. Howard, Plaintiff did not file a grievance to appeal the RTS response or otherwise attempt to proceed with the grievance process on this issue. Plaintiff, therefore, has not complied with the requirement that he properly exhaust his available administrative remedies before bringing a lawsuit, and this action must be dismissed.

---

[1]The court takes judicial notice of the Department of Correction's Offender Grievance Process, OP-090124, which is available at the DOC website at https://www.ok.gov/doc. *See Triplet v. Franklin*, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of the Oklahoma Department of Corrections website, pursuant to Fed. R. Evid. 201).

**ACCORDINGLY,** the defendants' motion to dismiss (Dkt. 25) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this 23rd day of March 2016.

**Dated this 23rd day of March, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma